1. MUNICIPAL CORPORATIONS—MESSENGERS—SUMMARY REMOVAL.

Where the position of messenger in the department of parks in the city of New York is abolished in good faith, in the interest of economy, and none of the duties of such position have been assigned to any other employé of the department, the messenger may be summarily removed.

Application by Louis Seide for a peremptory writ of mandamus against John E. Eustis, commissioner of parks. Denied.

Nestor & Alexander, for the motion.
W. B. Crowell, Asst. Corp. Counsel, opposed.

GILDERSLEEVE, J. This is an application for an order that a peremptory writ of mandamus issue to John E. Eustis, as commissioner of parks in the borough of the Bronx, commanding him to reinstate one Louis Seide as messenger in the department. It appears from the affidavit of the said commissioner that he abolished the office of messenger as useless, and in order to effect an economy in the administration of his department; that no new appointments have been made as messengers, nor has any one been appointed, under any other designation, who performs similar services to those formerly performed by the said Seide; and the said commissioner swears that the removal of Seide was made in good faith and for the best interests of the city. The said Seide disputes some of these allegations, but the commissioner would seem to be in the better position to know what goes on in his department under his own supervision. The said Seide claims that he ought to have had notice of his intended removal, with the reasons therefor, and an opportunity to defend himself against any charge that might be made against him. Charter, § 1543. The rule that applies to this case was laid down very concisely by the late Justice Beekman in the case of Patten v. Waring, N. Y. Law J., Nov. 7, 1895, cited in People v. Waring (Sup.) 40 N. Y. Supp. 276, which is cited by the corporation counsel in opposition to this motion. The learned justice used the following language, viz.:

"The statute must receive a reasonable construction, and plainly refers to that class of removals which are predicated upon the personal conduct of the employé. In such cases it is obviously reasonable that the person proceeded against should be offered an opportunity of vindicating himself against charges imputing misconduct or delinquency in the performance of his duties. But where the discharge is contemplated without any imputation upon the employé, and solely on the ground of economy in the public service, it would be highly absurd to gravely notify him that he is to be removed  *  *  * because of some rearrangement of the force of the department, which renders the employment of so many men unnecessary, and to invite a discussion of this matter between the head of the department and his subordinate."

A still stronger case than the one of Seide may be found in People v. City of Brooklyn, 149 N. Y. 225, 43 N. E. 554, as in that case the relator was a veteran of the Civil War, and for that reason, it may be said, doubly protected. The court of highest resort held that an honorably discharged veteran of the Union army might be removed for the reason that the position he occupied was abolished on economical grounds, and its duties might be attached to an existing office which was held by a person not a veteran, and that such a removal was not in violation of the statute relating to veterans of the War of the Rebellion holding positions in the city of Brooklyn. The statute in question (Laws 1887, c. 708) required that a veteran should be served with notice of the charges made against him, and be given a hearing, prior to removal. If, therefore, a veteran could be discharged without a hearing, where the office was abolished in good faith for economical reasons, it would seem that the relator in the case at bar is entitled to no better treatment. The relator claims that the private secretary of the commissioner has had attached to his office certain duties formerly performed by the relator, and the latter urges that, under rule 32 of the municipal civil service rules, the head of a department cannot assign employés to perform duties appertaining to another title. The duties in question appear to be of a trifling nature, and of a character more in harmony with the functions of a secretary than with those of a messenger. Under the facts disclosed by the affidavit of the commissioner, it can hardly be said that the commissioner has assigned his secretary to perform duties appertaining to the title of messenger, and he denies that the duties of Seide are performed by any other employé. As urged by the corporation counsel, the commissioner should have a wide discretion in regard to the manner in which the work of his department is to be performed by the employés. The corporation counsel calls my attention, in support of this contention, to the fact that the charter (section 1543) specifically provides that "the duties of all such officers, clerks, employés, laborers, and subordinates shall be such as the heads of the respective departments and borough presidents shall designate and approve, subject to the provisions of law and to the ordinances of the board of aldermen." I am of opinion that this application must be denied, but, under the circumstances, without costs.

Application denied, without costs.